<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DR. VERONICA ANN WILLIAMS, | |
|     Plaintiff, | No. 25cv15145 (EP) (LDW) |
|     v. | **MEMORANDUM ORDER** |
| TEMPLE UNIVERSITY and SUSAN M. MUNDAMI, | |
|     Defendants. | |

**PADIN, District Judge.**

*Pro se* Plaintiff Dr. Veronica Ann Williams brings a complaint against Defendants Temple University ("Temple") and Susan M. Mundami for claims arising from her attendance of an advanced degree program at Temple. D.E. 1 ("Complaint"). Plaintiff has neither paid the applicable $350 filing fee for a civil case under 28 U.S.C. § 1914(a), nor the $55 administrative fee under Appendix K to the Local Civil Rules.

Plaintiff did submit two applications to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). D.E. 1-1 ("First IFP Application"); D.E. 3 ("Second IFP Application") (collectively, "IFP Applications"). Upon review of Plaintiff's IFP Applications, however, it appears that she has not provided all the necessary information required by the instructions set forth in the IFP Applications, which require applicants to "[c]omplete all questions in [the] application" and instruct applicants "not [to] leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." *See* First IFP Application at 1. Here, Plaintiff's IFP Applications have numerous blank entries, including her "Income amount expected next month" in Question 1 and all of Questions 6 and 7. *See id.*; Second IFP Application. Moreover, although

Plaintiff indicates that she has spent or intends to spend money for expenses or attorneys' fees in conjunction with this matter, she has failed to indicate how much on the blank line provided.  *See* First IFP Application at 5; Second IFP Application at 5.  The Court is therefore "unable to determine whether Plaintiff has the ability to pay fees and costs."  *Watson v. Washington Twp. of Gloucester Cty. Pub. Sch. Dist.*, No. 09-3650, 2009 WL 2778282, at *2 (D.N.J. Aug. 28, 2009).

Additionally, the Court notes that Plaintiff's Complaint does not contain a signature.  Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

Accordingly,

**IT IS**, on this 30th day of October 2025,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-1, is **DENIED** *without prejudice*; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this action due to Plaintiff's failure to satisfy the filing fee requirement or alternatively submit a properly completed IFP application; and it is further

**ORDERED** that if Plaintiff wishes to reopen this action she shall either, within **30 days** of entry of this Order:  (1) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C. § 1914(a) and Appendix K to the Local Civil Rules; or (2) submit a properly completed IFP application on Form AO 239, available at https://www.njd.uscourts.gov/sites/njd/files/forms/AO-239.pdf; and it is further

**ORDERED** that the Clerk of Court shall send Plaintiff a blank Form AO 239 by regular mail; and it is further

      **ORDERED** that if Plaintiff wishes to reopen this action she shall also, within **30 days** of entry of this Order, file an amended complaint that contains her signature; and it is finally

      **ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.

3